UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

CANAL INSURANCE COMPANY,

    Plaintiff,

v.

MICHAEL DUPONT and
TRACY L. FOLEY,

    Defendants.

CASE NO. 5:13-cv-24764

Judge _____

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES Plaintiff Canal Insurance Company, by its counsel, Schuda & Associates, *pllc*, and Daniel R. Schuda, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Relief states as follows:

### JURISDICTION

1. The Plaintiff, Canal Insurance Company (hereinafter "Canal"), is a foreign insurance company organized and incorporated under the laws of the State of South Carolina, with a mailing address of 400 East Stone Street, Greenville, South Carolina, and which is authorized to and does business in the State of West Virginia.

2. Defendant Michael A. Dupont ("Dupont") was at all relevant times a resident of the State of West Virginia, with a mailing address of 318 Cedar Avenue, Hinton, West Virginia 25951.

3. Defendant Tracy L. Foley ("Foley") was at all relevant times a resident of the State of West Virginia, with a mailing address of HC 85 Box 96A, Jumping Branch, West Virginia 25969.

4. The matters in controversy between the parties involve the determination of the application and coverage afforded by a commercial automobile policy of insurance issued by Canal as to the defense and/or indemnification of Defendant Dupont for any claims arising from an automobile

accident that occurred on or about May 22, 2013, near White Oak, Raleigh County, West Virginia, involving Foley (the "subject accident").

5. The parties are of diverse citizenship and, due to the injuries and damages suffered by Michael Dupont and Tracy L. Foley and the costs of defense, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## FACTS

6. Canal issued a commercial automobile policy number PIP00123002, to non-party Williams Holdings LLC dba Williams Transport (hereinafter "Williams Transport"), with a coverage period of January 30, 2013 through January 30, 2014 (hereinafter "the Policy"). A certified copy of the Policy is attached as Exhibit A.

7. The GMC Safari van owned by Williams Transport involved in the accident described above was, subject to the exclusions and limitations of the policy, a scheduled vehicle for policy purposes.

8. Dupont was employed by Williams as a driver primarily transporting CSX Transportation employees to and from railyards.

9. Dupont, and all other employees of Williams, was specifically prohibited from using the Williams Transport-owned vehicles for personal transportation. *See* Exhibit B.

10. When involved in the subject accident while operating the vehicle, Dupont was not operating the vehicle with the permission of the owner and his employer, Williams Transport, when involved in the subject accident.

11. When involved in the accident while operating the vehicle, Dupont was operating the vehicle for his own personal transport and not in furtherance of the business affairs of Williams Transport when involved in the subject accident.

12. When involved in the accident while operating the vehicle, Dupont had been specifically instructed not to have the vehicle in his possession on the day when involved in the subject accident.

13. Dupont was not an agent of Williams Transport.

14. Dupont did not have the permission of Williams to use the vehicle for any purpose at the time of the subject accident and Williams did not know Dupont was using or had access to the vehicle at that time.

15. As a result of the accident, Foley suffered serious injuries, including broken ribs and a punctured lung, and was hospitalized.

## THE POLICY

16. The Policy's general insuring agreement states:

*Section II – Liability Coverage*

*A.  Coverage*

> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*

17. The Policy defines "an insured" as follows:

> *1.  Who is An Insured*
>
> *The following are "insureds":*
>
> *a.  You for any covered "auto."*
>
> *b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow. . .(emphasis added).*
>
> *d.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.*

18. Foley has asserted a claim against the Policy for his injuries and damages resulting from the subject accident.

-3-

19. There is no coverage under the Policy for Dupont as a non-permissive operator for any claim by Foley for personal injury or property damage resulting from the subject accident.

20. An actual, justiciable controversy exists between Canal, Foley, and Dupont in regard to the rights and obligations of all under the Policy.

WHEREFORE, Plaintiff Canal Insurance Company requests that the Court find that Plaintiff Canal has no duty to defend or indemnify Defendant Dupont under the Policy as to the subject accident, that Plaintiff has no duty or liability to Defendant Foley under the Policy as to the subject accident, and for such other and further relief as the Court deems appropriate under the circumstances.

PLAINTIFF DEMANDS A TRIAL ON ALL ISSUES SO TRIABLE.

CANAL INSURANCE COMPANY,

By Counsel

Daniel R. Schuda     State Bar #3300
Schuda & Associates, *pllc*
P.O. Box 3425
Charleston, WV 25335-3425
(304) 343-8928 – telephone
(304) 343-8929 – facsimile
dschuda@schudalaw.net